UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LOGAN SCOTT NICKERSON,<br><br>    Defendant. | No. 5:25-CR-012-H-BV-2 |

### MEMORANDUM OPINION AND ORDER

Logan Scott Nickerson is charged with transfer of a firearm to a prohibited person and making a false, material statement to a firearm dealer, in violation of 18 U.S.C. § 922(a)(6), (d)(1). The government sought to detain Nickerson pending trial, arguing that no condition or combination of conditions would reasonably assure the safety of the community or his presence as required. *See* Dkt. No. 7. Nickerson was brought before Magistrate Judge Amanda 'Amy' R. Burch, who held a hearing on the government's motion to detain. *See* Dkt. No. 50 at 1–2. After considering the evidence and the parties' arguments, Judge Burch denied the government's motion for pretrial detention and ordered Nickerson released on conditions. Dkt. Nos. 36; 43. Although acknowledging particular concern for the nature of Nickerson's conduct, Judge Burch concluded that the government failed to meet its burden. Dkt. No. 36 at 2–3. The Court agrees.

The government seeks review of Judge Burch's release order. *See generally* Dkt. No. 50; *see also* 18 U.S.C. § 3145(a)(1). If a magistrate judge orders a person released, the attorney for the government may file a motion for revocation of the order before the court having original jurisdiction. 18 U.S.C. § 3145(a)(1). The Court reviews the magistrate judge's determination de novo. *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992).

At issue is whether the government has presented clear and convincing evidence of "lack of reasonable assurance of *either* the defendant's appearance *or* the safety of others or the community," but "both are not required." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) (emphasis in original); 18 U.S.C. § 3142(e).  In making this determination, the Court considers the statutory factors under Section 3142(g), which include "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . .;  and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)–(4).

Evidence admitted at the detention hearing and in the briefing on this matter does not show by clear and convincing evidence that Nickerson presents a serious risk of danger to the community.  While Nickerson's alleged offense is serious because straw purchasers can help dangerous individuals to obtain firearms with which to victimize others, it is not alleged that Nickerson himself used the firearm, and he is alleged to have transferred only one firearm.  *See* Dkt. No. 50 at 4.  The government also points to the high-speed chase in which Nickerson was involved.  *See* Dkt. No. 50 at 6.  But the Court gives this fact little weight because Nickerson was only a passenger in the vehicle and, unlike the driver, did not flee the scene.  *Id.*

The history and characteristics of Nickerson also do not support detention in this case.  The government notes that in June 2024, Nickerson allegedly shot another person. Dkt. No. 50 at 5–6.  But Judge Burch correctly noted that the offense reports regarding that shooting raised more questions than answers. Dkt. No. 42 at 5–6.  Nickerson informed authorities that the person he allegedly shot "pulled a gun on [him] first."  Dkt. No. 51 at 9.

Nickerson provides support for this allegation, as a grand jury in Howard County has indicted the person who allegedly pulled a gun on Nickerson for intentionally or knowingly threatening Nickerson by shooting at Nickerson with a firearm in the commission of the assault. Dkt. No. 51-1 at 2. While the allegation that Nickerson shot someone is serious, the Court agrees with Judge Burch that the facts and indictments in Howard County raise more questions than answers. Nickerson also has no prior criminal convictions. *See* Dkt. No. 12-1.

    Nickerson's recent arrests do, however, cause the Court some concern. Nickerson was arrested in early June 2024 for unlawful carrying of a weapon and possession of marijuana, but he was released the following day. *See id.* at 4. Nickerson was also arrested in late July for burglary of a vehicle, unlawful carrying of a weapon, possession of marijuana less than two ounces, and possession of a controlled substance less than four grams. *Id.* He was, however, released within a week. *Id.* Finally, Nickerson was arrested in early October 2024 for property theft, possession of less than two ounces of marijuana, and possession of a controlled substance less than two grams. *Id.* at 4–5. He was released in early January of this year. *Id.* The government now notes that Nickerson has been indicted for at least one of these offenses, Dkt. No. 50 at 10, and the government's attachments show that Nickerson has been indicted within Howard County for possession of methamphetamine and property theft, but not the other alleged claims. Dkt. No. 50-1. These offenses are serious, but the Court assumes Nickerson's innocence of these offenses and notes that it does not have the facts of those cases to assess the strength of the evidence. Even taking these arrests and indictments into account, the Court finds more probative the

fact that Nickerson has no prior criminal convictions and has been able to abide by the conditions of his release in those state cases. *See* Dkt. Nos. 12–1; 51.

The Court thus concludes that the combination of conditions that Judge Burch imposed will reasonably assure the safety of the community. Even accepting the government's position, as Judge Burch did, that the evidence at this stage is strong, *see* Dkt. No. 43 at 5, the strength of the evidence itself does not make the underlying characteristics of the case any more concerning in this instance. Nickerson has some characteristics that are concerning, but the conditions of confinement should prevent Nickerson from being a danger to the community. Judge Burch, for example, ordered Nickerson to be subject to drug testing, remain in home detention, and be subject to location monitoring. *See* Dkt. No. 31 at 2–3. And his lack of criminal convictions and current success on bond in his state proceedings support the Court's finding that these conditions will prevent harm to the community.

Finally, the government no longer asserts that Nickerson is a flight risk. Dkt. No. 50 at 11. And the Court, reviewing the evidence and Judge Burch's conclusions de novo, agrees with Judge Burch that Nickerson does not present a flight risk in light of his ties to the community, current adherence to state conditions of pretrial release, and lack of a passport. *See* Dkt. No. 43 at 3–5.

After conducting de novo review of the government's exhibits, the relevant law, the detention-hearing transcript, and the parties' arguments, the Court concludes that the government has not proven by clear and convincing evidence that no condition or combination of conditions of supervision would reasonably assure the safety of the community. The order of the magistrate judge denying the motion for pretrial detention

and order setting conditions of release is therefore affirmed. Because the Court has reviewed the Order of Release, the Court's previous stay is no longer in effect. *See* Dkt. No. 45.

    So ordered on May 23, 2025.

                                                   JAMES WESLEY HENDRIX
                                                   UNITED STATES DISTRICT JUDGE